UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARROL DRISKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-01541-VEH-SGC |
| | ) |
| WARDEN CHERYL PRICE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on November 20, 2014, recommending this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. (Doc. 16). On January 12, 2015, the plaintiff filed objections to the report and recommendation. (Doc. 20).

The plaintiff objects to the magistrate judge's recommendation that his supervisory liability claims against defendants Cheryl Price and Kim Thomas, based on the actions of Officer Willis, be dismissed. (Doc. 20 at 1-2). The plaintiff alleges Officer Willis, who is not named as a defendant, attempted to hit him and also destroyed his personal property. (*Id*.). The plaintiff does not allege in either his amended complaint or his objections when these incidents took place.[1]

The plaintiff has not alleged a history of widespread abuse which put defendants Price and Thomas on notice of the need to correct an alleged deprivation. *See Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

---

[1] The plaintiff also alleges in his objections that Officer Willis retaliated against him by forcing him to strip in front of 129 other prisoners, bend over, spread his buttocks, and cough "under the threat of physical harm, and disciplinary action." (Doc. 20 at 1-2). The plaintiff does not allege when this incident occurred and does not set forth this incident in his amended complaint. (Doc. 14). Neither has the plaintiff alleged that Defendants Price and Thomas were aware of this particular incident.

Neither has the plaintiff shown that Price and/or Thomas maintained customs or policies that resulted in deliberate indifference to his constitutional rights, nor alleged facts to support an inference that Price and Thomas directed Willis to act unlawfully or knew Willis would act unlawfully but failed to stop him from doing so. *Id*. Instead, the plaintiff merely states that he needs "discovery" in order to adequately allege such claims. (Doc. 20 at 2). The plaintiff has not stated a claim for relief against Price or Thomas based on his vague allegations against Officer Willis. Therefore, the plaintiff's supervisory liability claims against Price and Thomas are due to be dismissed.

Next, the plaintiff objects to the dismissal of his Fourteenth Amendment access to courts claims based on conditions of the prison law library. (Doc. 20 at 3). Specifically, the magistrate judge concluded the plaintiff did not establish any injury due to allegedly inadequate legal materials, seating, computers, typewriters, and ventilation in the law library. (Doc. 16 at 7-8). *See Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998). Such an injury could include a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *Id*. The plaintiff states in his objections that he lost five (5) cases in various courts of law.[2] (Doc. 20 at 3). However, he does not allege how his cases were denied or dismissed as a result of the conditions of the law library. As such, the plaintiff's Fourteenth Amendment access to courts claims against Defendants Price and Thomas are due to be dismissed. For all of the reasons discussed above, any claims against Governor Robert Bentley are also due to be dismissed.

The magistrate judge found the plaintiff's complaints that prison medical officials do not test, diagnose, or treat conditions such as dementia, Alzheimer's, and senility failed to state a claim for relief because the plaintiff did not allege that he personally suffered from any of these conditions.

---

[2] Two of the "cases" the plaintiff asserts he lost are claims with the State Board of Adjustment. (Doc. 20 at 3).

(Doc. 16 at 11-12). The plaintiff now complains of unrelated medical conditions in his objections. For instance, the plaintiff alleges a free world ophthamologist gave him "the wrong eye prescription" which caused him to have severe migraine headaches. (Doc. 20 at 5). The plaintiff further alleges Price refused to give him a "key lock" to secure his personal property. (*Id*.). The plaintiff contends he has a medical need for a "key lock" and has had a "Key Lock Profile for the past twenty years." (*Id*.). The plaintiff also states that officers have destroyed his legal files. (*Id*. at 6).

The plaintiff did not set forth any of the foregoing factual allegations in his amended complaint. (Doc. 14). Neither has the plaintiff moved to amend his complaint to properly set forth these claims. The magistrate judge notified the plaintiff in the report and recommendation that "[t]he filing of objections is not a proper vehicle through which to make new allegations or present additional evidence." (Doc. 16 at 12). Therefore, the court will not address these new allegations.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and her recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A final judgment will be entered.

**DONE** this 10th day of February, 2015.

                                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                                  United States District Judge